**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRYAN J. IVERSON,

      Petitioner-Appellant,

v.

HECTOR A. RIOS (Warden),

      Respondent-Appellee.

No. 06-1389

D. Colorado

(D.C. No. 06-CV-1223-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The court therefore orders the case submitted without oral argument.

Bryan Iverson, proceeding *pro se*, appeals the district court's denial of the habeas corpus petition he filed pursuant to 28 U.S.C. § 2241. Iverson has provided documentation he has been approved to participate in the Bureau of

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Prisons' ("BOP") Residential Drug and Alcohol Program ("RDAP") but was advised he would not be eligible for a sentence reduction under 18 U.S.C. § 3621(e) even if he successfully completed the program. Iverson challenges the BOP's determination. Exercising jurisdiction under 18 U.S.C. § 1291, we **affirm** the district court's denial of relief.

Pursuant to 18 U.S.C. § 3621(e), the BOP has discretion to reduce a federal inmate's sentence up to one year upon the successful completion of an RDAP. Section 3621(e)(2)(B) denies the sentence reduction to inmates convicted of violent offenses. In addition, the BOP has promulgated a regulation categorically denying the sentence reduction to inmates whose current offense is a felony involving, *inter alia*, the "carrying, possession, or use of a firearm or other dangerous weapon." 28 C.F.R. § 550.58(a)(1)(vi)(B). This regulation was upheld by the Supreme Court in *Lopez v. Davis*, 531 U.S. 230, 244 (2001).

Iverson pleaded guilty to a charge of possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Iverson argues he is eligible for the § 3621(e) sentence reduction because (1) his conviction is nonviolent and (2) his offense conduct did not involve the use or possession of a firearm during the commission of a separate felony, and thus *Lopez* does not apply. Accordingly, he asserts the BOP's categorical denial of the sentence reduction was error.

-2-

In *Martin v. Rios*, this court considered and rejected the argument Iverson now presents. 472 F.3d 1206, 1207 (10th Cir. 2007) ("[Petitioner] misreads *Lopez* insofar as he claims that it does not apply when [his] offense involved mere possession of a firearm."). Consequently, we **affirm** the denial of Iverson's § 2241 petition.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge