**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 21, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MARCUS DEWAYNE OAKES,

    Defendant-Appellant.

No. 11-6178

(D.C. Nos. 5:CV-11-00038-L and
5:CR-09-00081-L-1)
(W. D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

---

Marcus D. Oakes, a federal prisoner appearing pro se, seeks a certificate of

appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2255

motion as untimely filed. Mr. Oakes also seeks leave to proceed in forma pauperis

("IFP"). We deny his COA request, deny his request to proceed IFP and dismiss this

matter.

**I.**

On July 6, 2009, in the Western District of Oklahoma (Case No. 11-038), Mr.

Oakes pled guilty to brandishing a firearm during a crime of violence and to aiding and

---

[*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

abetting, in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2. ROA, Vol. I, at 91.

As part of the plea agreement, the district court dismissed two additional counts. Id. at

91-92. On October 21, 2009, the district court judge sentenced Mr. Oakes to 84 months'

incarceration. Id. at 92.

On January 11, 2011, Mr. Oakes filed a § 2255 motion to vacate, set aside, or

correct a sentence, alleging ineffective assistance of counsel and an unconstitutional

search and seizure. Id. at 70-81. The district court determined that Mr. Oakes filed the §

2255 motion more than one year after his conviction became final, making it untimely

under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Id. at 92

(citing 28 U.S.C. § 2255(f)(1)). The district court went on to determine that Mr. Oakes

did not demonstrate the "extraordinary circumstances" required to warrant equitable

tolling of the AEDPA deadline. Id. at 93 (citing United States v. Willis, 202 F.3d 1279,

1281 n.3 (10th Cir. 2000) (citation omitted)). Thus, the district court denied Mr. Oakes' §

2255 motion as untimely. Mr. Oakes timely requested a COA,[1] but the court determined

that, because Mr. Oakes had not made the requisite "substantial showing of the denial of a

constitutional right," he was not entitled to a COA. Id. at 96 (citing 28 U.S.C. §

2255(c)(2).

Mr. Oakes also faces separate state charges in the District Court of Oklahoma

_____

[1] Mr. Oakes sent the court clerk a letter stating that he would like to appeal, requesting guidance as to how to appeal and requesting additional time to file an appeal. The court construed this letter as a request for a COA.

County, Oklahoma, (CF-2009-501) related to the event underlying the present case and additional federal charges related to a separate drug offense (Case No. 10-154). The state charges are still pending. Oklahoma v. Oakes, No. CF-2009-501 (Okla. Cnty. Ct., Okla., filed Feb. 12, 2009). In his federal case, Case No. 10-154, Mr. Oakes pled guilty to distribution of cocaine base, and the government in turn agreed not to object to Mr. Oakes' request that his sentence on the drug charge run concurrently with his sentence in the present case. Plea Agmt. at 4, United States v. Oakes, No. 10-154-F (W.D. Okla. 2009), ECF. No. 116. Nevertheless, at the sentencing hearing, the government did object to running the sentences concurrently. Tr. of Sentencing Hr'g at 10, United States v. Oakes, No. 10-154-F (W.D. Okla. 2009), ECF. No. 168. The judge then sentenced Mr. Oakes to 37 months' imprisonment, to be served consecutively to the sentence in this case. Id. at 12. Shortly after the hearing recessed, Mr. Oakes' attorney called the court's attention to the government's breach. Id. at 14-15. The court "resumed sentencing proceedings" and "reaffirmed" the same sentence. Id. at 19-20. Mr. Oakes appealed that sentencing decision, and that appeal (Case No. 11-6005) is pending.

## II.

In the present case, on the firearm and aiding and abetting charges, Mr. Oakes appeals the district court's denial of a COA and the underlying denial of his § 2255 motion challenging his sentence. Mr. Oakes must first obtain a COA before he can appeal the denial of his § 2255 motion, Miller-El v. Cockrell, 537 U.S. 322, 336 (2003), and the COA can be issued by either a district court or the court of appeals. A petitioner

3

will receive a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the underlying motion failed "on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" Coppage v. McKune, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting Slack, 529 U.S. at 484). "Keeping in mind the standard of review governing a request for a [COA], . . . the district court's legal rulings on a 28 U.S.C. § 2255 motion are reviewed de novo and its findings of fact for clear error." United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000).

**III.**

We begin with the procedural analysis. AEDPA governs the commencement of the § 2255 time limit. It provides that a one-year limitations period "shall run" from the latest of four enumerated dates, only two of which are relevant here:

> (1) the date on which the judgment of conviction becomes final;
> . . . ;
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of

4

due diligence.

28 U.S.C. § 2255(f). Further, the one-year limitation may be equitably tolled in some circumstances. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (AEDPA time limit subject to equitable tolling). We review the district court's refusal to equitably toll the statutory deadline for an abuse of discretion. United States v. Gabaldon, 522 F.3d 1121, 1124 (10th Cir. 2008) (citing Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003)).

Absent an appeal, a criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal. United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Under the Federal Rules of Appellate Procedure in force on October 21, 2009, the time for a direct criminal appeal expired ten days after the entry of the judgment being appealed, excluding weekends and federal holidays. Fed. R. App. P. 4(b)(1) (2009) (repealed Dec. 1, 2009). In the present case, the district court's sentence became final on November 4, 2009, giving Mr. Oakes until November 4, 2010, to file his § 2255 motion. Because he did not file the motion until January 11, 2011, if he does not qualify for equitable tolling and cannot claim an alternative date under AEDPA, then the district court was correct to deny the motion and the COA.

Mr. Oakes asserts several reasons why his COA is timely. Construing Mr. Oakes' pro se motion liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), he could be claiming the § 2255(f)(4) date based on a newly-discovered alleged violation of his plea bargain or on a new affidavit from a victim in his case. He also argues for equitable tolling based on his lack of access to both a law library and his legal materials while in

5

custody.

A defendant may use a § 2255 motion to challenge his sentence when he believes federal prosecutors misled him into pleading guilty. United States v. Eccleston, 521 F.3d 1249, 1253 (10th Cir. 2008). If the federal prosecutors did mislead Mr. Oakes, the one-year § 2255 limitation should run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255. Mr. Oakes alleges the federal prosecutors misled him on two points relevant to his plea bargain. First, he argues that the federal prosecutors led him to believe his federal sentence for the present case and his federal sentence for the distribution of cocaine base charge would run concurrently. Second, Mr. Oakes argues that the federal prosecutors led him to believe his state charges would be dismissed.

On the first claim, Mr. Oakes argues that the federal prosecutors misled him regarding whether they would object to the concurrent sentences. He argues that because he could not know about the federal prosecutors' alleged deception until January 4, 2011, when the district court sentenced him on the distribution charge and ordered that the sentences would run consecutively, the one-year § 2255 limitation should run from that date. As outlined above, the federal prosecutors admitted to breaching the plea agreement in the distribution case. However, the plea agreement in the present case makes no mention of concurrent sentences, and, as Mr. Oakes noted in his docketing statement, he did not even know that the federal prosecutors planned to bring the distribution charge when he agreed to plea in this case. Docketing Statement at 17. Mr. Oakes appears to

6

confuse the separate plea agreements in his two cases; his plea agreement in the present case could not have been predicated on the prosecution's promise of concurrent federal sentences. Because the alleged concurrent sentence promise could not have been part of or affected this plea agreement, whether prosecutors broke that promise is irrelevant to the one-year § 2255 limitation applicable here.

Mr. Oakes' second claim is equally unavailing. He argues that, as part of his plea agreement in the present case, the federal prosecutors also promised to ask the State of Oklahoma to dismiss the related state charges. However, he again appears to confuse the separate plea agreements in his two cases. He actually alleges that a federal prosecutor made the promise on August 3, 2010, during plea negotiations in his distribution case, not the present case. Id. at 17. See also Aplt. Br. at 6. Moreover, the letter from his attorney to the Assistant United States Attorney concerning the federal prosecutor's promise to contact the state assistant district attorney, which Mr. Oakes submitted as evidence of the federal prosecutor's breach, came from attorney David P. Henry. Docketing Statement at 30. Mr. Henry served as Mr. Oakes' counsel in the drug distribution case, not the present case. Thus, assuming, arguendo, that a federal prosecutor did promise to contact the state prosecutors, Mr. Oakes only relied on that promise in agreeing to the plea bargain in the distribution case, not the present case, and the federal prosecutor's failure to make that call does not provide a basis for a § 2255 motion to challenge the plea bargain in this case.

Mr. Oakes next argues that a new affidavit from one of the victims in his case

7

constitutes a newly discovered fact supporting his claims. Aplt. Br. at 6. The affidavit, dated November 24, 2010, offers a victim's statement that "I'm 100% sure that Marcus Oakes was not the one that robbed me nor did he take place [sic] in the robbery." However, Mr. Oakes appears to admit that his counsel spoke to the victims before the plea bargain and that the victims told his counsel then that Mr. Oakes was not the perpetrator. "Counsel informed me he talked to the victums [sic] and they said it was not me . . . however, he start [sic] telling me to plea out." Aplt. Br. at 7. Thus the victim's affidavit does not constitute a newly discovered fact; Mr. Oakes was aware of the alleged exculpatory evidence at the time of the trial and still chose to plead guilty rather than risk a trial on all three counts. The affidavit does not provide a basis for providing Mr. Oakes additional time to file his § 2255 motion.

## IV.

Construing his motion broadly, Mr. Oakes argues for equitable tolling both based on the federal prosecutor's alleged promise to call the state prosecutor and based on his lack of access to legal materials.

## A.

Mr. Oakes argues that he relied on the federal prosecutor's promise to call the state prosecutor and withheld his motion until it was too late to file it. In support of this argument, he states that he did not file his motion after the August 3, 2010 hearing because he "was just going to let the counsel [sic] wrong doings [sic] rest because the government cleared the air and took care of the state charge." Aplt. Br. at 13. Even

8

leaving aside the requirements for equitable tolling, this argument fails. The argument implies that he knew of the federal prosecutor's failure to address the state charge related to the present case well in advance of the August 3, 2010 hearing in his drug distribution case. Even if he were arguing that his one-year limitations period should have been equitably tolled after the alleged promise on August 3, Mr. Oakes wrote the court a letter stating that he wished to appeal the sentence in this case on September 9, 2010, giving him at most just over one month of tolling. Docketing Statement at 27. This additional time falls far short of extending the deadline, from November 4, 2010, to his actual filing date, January 10, 2011. The federal prosecutor's alleged failure to contact the state does not render Mr. Oakes' filing timely.

**B.**

Finally, Mr. Oakes argues for equitable tolling based on his lack of access to both a law library and his legal materials while in custody. Equitable tolling requires the defendant to prove both that he diligently pursued his claims, and that he was prevented from filing within the limitations period by exceptional and extraordinary circumstances beyond his control. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quotation omitted).

In this case, Mr. Oakes first argues that the lack of access to a law library constituted exceptional and extraordinary circumstances beyond his control. Aplt. Br. at

9

11. The lack of a library does not rise to the level of an exceptional and extraordinary circumstance. "[A]llegations regarding insufficient library access, standing alone, do not warrant equitable tolling." Weibley v. Kaiser, 50 F. App'x 399, 403 (10th Cir. 2002) (citing Miller, 141 F.3d at 978). "[T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). The defendant must provide "specificity regarding the alleged lack of access." Miller, 141 F.3d at 978. Here, Mr. Oakes' bald claim that he needed a library lacks the specificity required by Miller. Mr. Oakes does not demonstrate how the lack of library access prevented him from timely filing his § 2255 motion, and thus we cannot conclude that the district court abused its discretion in determining the lack of law library access was not an exceptional and extraordinary circumstances warranting equitable tolling. Moreover, even if it were, Mr. Oakes would have to demonstrate due diligence in attempting to pursue his claims absent library access. Mr. Oakes sent one letter to the court before expiration of the one-year limit, in September 2010, requesting a form "Application to Proceed in District Court Without Prepaying Fees or Costs" and a copy of his transcript.[2] Docketing Statement at 27. Mr. Oakes offers no evidence that he requested and was denied other materials or access to a law library. A showing of due

---

[2] The district court failed to consider this letter when examining Mr. Oakes' arguments that he timely filed his § 2255 motion; we consider it here, but it does not alter our conclusions.

diligence requires more than the sending of one letter. Absent more information, we cannot conclude that Mr. Oakes diligently pursued his claim in spite of lack of access to the law library.

Mr. Oakes also argues that lack of access to his legal materials constituted exceptional and extraordinary circumstances beyond his control. Aplt. Br. at 11. Denial of access to legal materials can provide a basis for equitable tolling in some circumstances. Gabaldon, 522 F.3d at 1125-26; Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005); Valverde v. Stinson, 224 F.3d 129, 133-34 (2d Cir. 2000). However, lack of access to one's own legal materials must be coupled with due diligence to warrant equitable tolling. A petitioner could show due diligence by making "multiple requests that his documents be returned before the deadline." Gabaldon, 522 F.3d at 1126-27; see also Espinoza-Matthews, 432 F.3d at 1027 n.6. A petitioner could also show due diligence by attempting to timely file in spite of the lack of access. Valverde, 224 F.3d at 134. Here, Mr. Oakes does not demonstrate due diligence in pursuing his claims in spite of the loss of the legal documents; his September 2010 letter to the court does not mention the lost documents, and Mr. Oakes cannot point to any efforts he made to recover the documents. Absent a showing of due diligence, lack of access to his legal materials does not equitably toll the one-year limitation. The district court did not abuse its discretion in refusing to equitably toll the deadline.

**V.**

11

Because none of Mr. Oakes' arguments merit additional time to file the § 2255 motion, the district court was correct in refusing to issue a COA. Mr. Oakes fails to show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

To proceed IFP on appeal, Mr. Oakes "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F. 2d 502, 505 (10th Cir. 1991). An appeal on a matter of law is frivolous where "[none] of the legal points [are] arguable on their merits." Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396 (1967). None of Mr. Oakes' points are arguable on their merits.

Accordingly, we DENY Mr. Oakes' COA application and his IFP motion, and we DISMISS this matter.

Entered for the Court

Mary Beck Briscoe
Chief Judge

12