**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARCUS DEWAYNE OAKES,

    Defendant - Appellant.

No. 18-6031
(D.C. No. 5:09-CR-00081-M-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **MORITZ**, Circuit Judges.
_____

Marcus Dewayne Oakes seeks a certificate of appealability (COA) to appeal the

district court's dismissal of his motion under Fed. R. Civ. P. 60(b)(1).  We deny a COA

and dismiss this appeal.

## BACKGROUND

In 2009, Mr. Oakes pled guilty to brandishing a firearm during a crime of

violence, and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C.

§ 2.  He did not take a direct appeal.  In 2011, he filed a motion to vacate or correct his

sentence under 28 U.S.C. § 2255, which the district court denied as untimely.  He

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appealed. We denied him a certificate of appealability (COA) and dismissed his appeal. *United States v. Oakes*, 445 F. App'x 88, 95 (10th Cir. 2011).

On January 16, 2015, Mr. Oakes filed a motion to withdraw and nullify his guilty plea pursuant to Fed. R. Civ. P. 60(d)(3), alleging fraud upon the court. The district court construed his motion as an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction. Mr. Oakes then filed several pleadings seeking reconsideration of the dismissal, including a motion purportedly seeking relief under Fed. R. Civ. P. 60(b)(1). On September 6, 2016, the district court denied these pleadings, construing them also as unauthorized second or successive § 2255 motions.

On November 10, 2016, Mr. Oakes filed a "Petition for Certificate of Appealability" in district court, seeking "to appeal the denial of his Rule 60(b)(1) motion on September 6, 2016." *Oakes v. United States*, No. 5:09-cr-00081-M, ECF no. 186 at 1 (W.D. Okla. Nov. 10, 2016). The certificate of service accompanying the petition, sworn to by Mr. Oakes, indicates that he handed it to prison staff to be filed as legal mail on November 3, 2016, and that the postage was prepaid.

The district court denied the petition for COA on January 19, 2018. On February 20, Mr. Oakes filed a notice of appeal to this court from the denial.

**DISCUSSION**

This case presents two jurisdictional questions. First, we must determine whether Mr. Oakes timely filed his appeal. Second, we must determine whether he is entitled to a COA.

2

We have jurisdiction to review only the district court's final decisions. *See* 28 U.S.C. § 1291. Mr. Oakes's notice of appeal states he appeals from the district court's order denying him a COA. This confuses the district court's final order denying § 2255 relief, which was appealable, *see id.* § 2253(a), with its order denying a COA, which is not itself a final, appealable decision, *cf. id.* § 2253(c)(1). His notice of appeal is inadequate to appeal from the district court's final order of September 6, 2016, both because it was not filed within 60 days of that order, *see* Fed. R. App. P. 4(a)(1)(B), and because it does not specify the September 6 order as the order appealed from, *see id.* Rule 3(c)(1)(B) (notice of appeal must "designate the judgment, order, or part thereof being appealed"). Nevertheless, we may construe his November 10, 2016, petition for COA as the functional equivalent of a notice of appeal from the September 6 decision. *See Martin v. Rios*, 472 F.3d 1206, 1207 (10th Cir. 2007). Mr. Oakes's submissions demonstrate his compliance with the prison mailbox rule,[1] and we deem his notice of appeal timely filed on November 3, 2016.

Nevertheless, we deny his request for a COA, because reasonable jurists would not debate the district court's denial of his Fed. R. Civ. P. 60(b)(1) motion. Because the

---

[1] Mr. Oakes was required to file his notice of appeal within 60 days of the district court's decision. *See* Fed. R. App. P. 4(a)(1)(B). Sixty days from September 6, 2016 was November 5, 2016, a Saturday, making the sixtieth day November 7, 2016, a Monday. *See id.* Rule 26(a)(1)(C). Mr. Oakes's petition for COA was not filed in district court until November 10. But because he is a federal prisoner proceeding pro se, we can deem his notice of appeal as timely filed if he has satisfied the prison mailbox rule. Under that rule, a prisoner's submission is treated as timely if placed in the institution's internal mail system prior to the deadline. *See id.* Rule 4(c)(1). Mr. Oakes has supplied adequate evidence that he gave the COA petition with postage prepaid to prison staff on November 3, 2016, making the petition, which we treat as a notice of appeal, timely under Rule 4(c)(1).

district court dismissed his claim on procedural grounds, Mr. Oakes must show both "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To the extent Mr. Oakes has merely attempted to assert or reassert claims raised in his § 2255 motion, reasonable jurists could not debate the correctness of the district court's dismissal of Mr. Oakes's Rule 60(b) motion as an unauthorized second or successive § 2255 motion. *See United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) ("A prisoner's post-judgment motion is treated like a second-or-successive § 2255 motion . . . if it asserts or reasserts claims of error in the prisoner's conviction.").

But Mr. Oakes also argues that the district court should have construed language in his § 2255 motion as an actual innocence claim and therefore erred in dismissing that motion as untimely instead of sua sponte extending the limitations period to avoid a miscarriage of justice. He also complains that he has attempted to assert this argument in subsequent pleadings such as his motion alleging "fraud on the court," but the district court has failed to address his claim. A "true" Rule 60(b) motion, which "does not challenge the merits of the district court's resolution of [the] § 2255 motion, but only an alleged defect in the integrity of the earlier § 2255 proceedings," does not require authorization from this court and so is not subject to dismissal as an unauthorized second-or-successive motion. *Peach v. United States*, 468 F.3d 1269, 1271 (10th Cir. 2006) (per curiam). But even if Mr. Oakes's argument that the district court failed to treat his allegations as an actual-innocence or miscarriage-of-justice claim asserts a defect in the

4

original § 2255 proceedings rather than reasserting a substantive § 2255 claim, we cannot grant a COA on this issue.

"The miscarriage of justice exception [to the timeliness requirement] applies to a severely confined category:  cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner." *McQuiggin v. Perkins*, 569 U.S. 383, 394-95 (2013) (brackets and internal quotation marks omitted).  In Mr. Oakes's prior appeal, we discussed the alleged new evidence supporting his claim of ineffective assistance of counsel.  To the extent his miscarriage-of-justice argument relies on evidence presented with his § 2255 motion, our statements in that case make it clear that this evidence cannot meet the miscarriage-of-justice exception.  *See Oakes*, 445 F. App'x at 93 ("[T]he victim's affidavit does not constitute a newly discovered fact; Mr. Oakes was aware of the alleged exculpatory evidence at the time of the trial and still chose to plead guilty rather than risk a trial on all three counts.  The affidavit does not provide a basis for providing Mr. Oakes additional time to file his § 2255 motion.").[2] Given this prior appellate holding, reasonable jurists could not find the district court erred, either in its original order on his § 2255 motion or in its later rulings, by failing to sua sponte treat this evidence as new evidence of actual innocence showing a miscarriage of justice, sufficient to excuse the untimeliness of his § 2255 motion.  Furthermore, although Mr. Oakes insists that our prior holding in his case was incorrect, *see* COA Mot.

---

[2]  To the extent Mr. Oakes's "fraud on the court" motion relied on other, alleged new evidence not presented with his original § 2255 motion, we agree with the district court that these allegations themselves represent an unauthorized second-or-successive § 2255 motion, which the district court properly dismissed.

5

at 7-9, it is law of the case, and he provides us with no good reason to depart from it, *see, e.g.*, *United States v. Trent*, 884 F.3d 985, 994 (10th Cir. 2018) ("Under the law of the case doctrine, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (internal quotation marks omitted)).

Accordingly, we deny Mr. Oakes's COA application and his IFP motion, and we dismiss this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk