FILED
United States Court of Appeals
Tenth Circuit

June 8, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STEVEN M. ALFORD ORECCHIO,

    Defendant - Appellant.

No. 21-6172
(D.C. Nos. 5:21-CV-01167-R &
(5:18-CR-00218-R-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Steven M. Alford Orecchio, a federal prisoner acting pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's denial of his motion under

28 U.S.C. § 2255 to vacate, set aside, or correct sentence. He also moves to proceed in

forma pauperis ("IFP"). Mr. Orecchio filed his § 2255 motion beyond the one-year

statute of limitations, and he has not met his burden to establish equitable tolling, so we

deny a COA and dismiss this matter. Because Mr. Orecchio's arguments are not frivolous

and he lacks the financial ability to pay the filing fee, we grant his motion to proceed IFP.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Orecchio is proceeding pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

# I.    BACKGROUND

Mr. Orecchio pleaded guilty to two counts of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a). The district court sentenced Mr. Orecchio to a total of 480 months of imprisonment. The district court entered the judgment on June 10, 2019. Mr. Orecchio did not file a direct appeal, so the sentence became final on June 25, 2019, the day after the last day to file a direct appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of . . . the entry of either the judgment or the order being appealed.").

Mr. Orecchio filed a § 2255 motion on June 30, 2021,[2] arguing his attorney provided constitutionally ineffective assistance. Because the judgment had become final more than one year prior, Mr. Orecchio argued the statute of limitations should be equitably tolled because he

> did not have access to his case materials and could not access the law library to perform the legal research for th[e] motion. Movant exercised his due diligence by consistently writing to [his attorney] until [his attorney] produced movant's case materials in September 2020 for the first time. In March 2021, USP Tucson resumed modified operations, and this motion follows.

ROA Vol. 1 at 59.

---

[2] The district court used the June 30, 2021, filing date because Mr. Orecchio represented that was the day he placed the motion in the mailbox. *See United States v. Gray*, 182 F.3d 762, 765 n.4 (10th Cir. 1999) (applying the mailbox rule to § 2255 motions). We apply the same filing date here.

The district court denied Mr. Orecchio's request to toll the statute of limitations because he had not shown an extraordinary circumstance that justifies equitable tolling or that he acted with reasonable diligence. The district court also declined to issue a COA.

Mr. Orecchio seeks a COA to appeal the denial of his § 2255 motion.

## II.     DISCUSSION

### A.     COA

Before we can review the denial of a motion for post-conviction relief under 28 U.S.C. § 2255 on appeal, Mr. Orecchio must obtain a COA. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When . . . the district court denies relief on procedural grounds, the [defendant] seeking a COA must show both 'that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) (applying this standard to the COA analysis in the § 2255 context). As an initial matter, we consider if reasonable jurists could debate whether the district court was correct in denying the motion for being untimely. Because it is not debatable that the motion was untimely and Mr. Orecchio has not met his burden to show he has met the requirements for equitable tolling, we deny a COA.

3

As relevant here, a defendant must bring a § 2255 motion within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). If a defendant brings a § 2255 motion beyond the one-year statute of limitations, then the motion is barred unless the district court grants equitable tolling of the statute of limitations. *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008). "Equitable tolling of the limitations period is available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Id.* (internal quotation marks omitted). "Equitable tolling is a rare remedy to be applied in unusual circumstances." *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)); *see also United States v. Sheridan*, 561 F. App'x 689, 692 (10th Cir. 2014) (unpublished) (describing equitable tolling in the § 2255 context). A defendant "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang*, 525 F.3d at 928 (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)); *see also United States v. Halcrombe*, 700 F. App'x 810, 815 (10th Cir. 2017) (unpublished) (applying this standard in the § 2255 context). We review the district court's decision whether to apply equitable tolling for abuse of discretion. *Gabaldon*, 522 F.3d at 1124.

Here, Mr. Orecchio's judgment of conviction became final on June 25, 2019, so the time for Mr. Orecchio to file a § 2255 motion was from June 25, 2019, through June 25, 2020. *See United States v. Hurst*, 322 F.3d 1256, 1261–62 (10th Cir. 2003) (applying the anniversary method to calculate timeliness of § 2255 motions).

4

Mr. Orecchio filed his § 2255 motion on June 30, 2021, more than one year after the statute of limitations had expired. In his motion, Mr. Orecchio argued for equitable tolling because (1) he consistently wrote to his attorney but did not receive his case materials until September 2020 and (2) he did not have access to the law library until March 2021 due to COVID-19.

Mr. Orecchio has not met his burden to show the district court reached a debatable or wrong conclusion when holding an extraordinary circumstance did not prevent him from filing a timely motion. Mr. Orecchio contends he should benefit from equitable tolling because he did not have access to his own case materials until September 2020. The inability to access legal materials can constitute an extraordinary circumstance to justify equitable tolling. *Gabaldon*, 522 F.3d at 1125–26. Even so, Mr. Orecchio must meet his strong burden to include specific facts showing that the inability to access his own case materials prevented him from bringing a timely motion and that he exercised due diligence. *United States v. Oakes*, 445 F. App'x 88, 93 (10th Cir. 2011) (unpublished); *see also Weibley v. Kaiser*, 50 F. App'x 399, 403 (10th Cir. 2002) (unpublished) (denying equitable tolling "because [the pro se petitioner did] not allege specific facts that demonstrate how his alleged denial of [his legal] materials impeded his ability to file a federal habeas petition").

While Mr. Orecchio explained that he "consistently wr[o]t[e] to [his attorney] until [his attorney] produced [his] case materials in September 2020 for the first time," he did not include specific facts showing how the lack of his case materials prevented him from filing a timely § 2255 motion. ROA Vol. 1 at 59. Without more, it is not clear what case

materials Mr. Orecchio needed to file a timely motion and why he needed them. For example, Mr. Orecchio does not argue he could not have discovered the facts supporting his claims without the case materials. Rather, Mr. Orecchio could have known by his memory of the proceedings that his attorney did not move to dismiss any of the charges before the plea agreement nor object to the calculation of the sentence under the United States Sentencing Guidelines. Moreover, Mr. Orecchio's final claim that his attorney failed to present mitigating evidence of Mr. Orecchio's bipolar disorder diagnosis is not supported by the record and thus could not have been discovered by receiving the case materials. Thus, Mr. Orecchio has not met his burden to show his lack of case materials was an extraordinary circumstance that prevented him from timely filing his motion. *See Kenneth v. Martinez*, 771 F. App'x 862, 865 (10th Cir. 2019) (unpublished) (affirming the district court's decision not to equitably toll the statute of limitations where the § 2254 petitioner's attorney "declined to provide [the petitioner] with court documents" and "[the petitioner] failed to explain to the district court why he needed the documents to pursue postconviction relief").

Mr. Orecchio also argued the time to file his motion should be equitably tolled because he did not have access to a law library until March 2021. As the district court noted, "[t]he lack of a [law] library" alone "does not rise to the level of an exceptional and extraordinary circumstance." *Oakes*, 445 F. App'x at 93. To establish an extraordinary circumstance, "the inmate . . . must go one step further and demonstrate that the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim." *Id.* at 94 (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). It is not debatable

that Mr. Orecchio has not made such a showing. Furthermore, Mr. Orecchio provided no facts about how he diligently pursued his legal rights without law library access. *See id.*

In sum, it is not debatable that Mr. Orecchio did not file his § 2255 motion within the one-year statutory period. Moreover, it is not debatable that the district court did not abuse its discretion by declining to toll the statute of limitations. As such, we deny a COA.

### B.    IFP

We turn now to Mr. Orecchio's motion to proceed IFP. *See* Fed. R. App. P. 24(a)(5). To proceed IFP, Mr. Orecchio "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). An argument "is frivolous when the result is obvious, or the appellant's arguments [] are wholly without merit." *Ford v. Pryor*, 552 F.3d 1174, 1180 (10th Cir. 2008).

Mr. Orecchio argues the district court erred by denying his § 2255 motion because the district court failed to consider whether his lack of case materials was an extraordinary circumstance justifying equitable tolling. This circuit has said a lack of legal materials can constitute an extraordinary circumstance that could justify equitable tolling. *Gabaldon*, 522 F.3d at 1125–26. Although Mr. Orecchio has shown no specific facts about why his lack of case materials was an extraordinary circumstance that prevented him from bringing a timely motion, his argument is not "wholly without merit." *Ford*, 552 F.3d at 1180; *see also Yang*, 525 F.3d at 931 n.10 (concluding an

7

unsuccessful argument was not frivolous in part because "general authority" supported the petitioner's position). It is simply underdeveloped. Mr. Orecchio has also shown that he does not have the financial ability to pay the filing fees with his financial declaration. Therefore, we grant Mr. Orecchio's motion to proceed IFP.

## III.    CONCLUSION

For the reasons stated above, we DENY Mr. Orecchio's request for a COA and DISMISS this matter. We also GRANT his motion to proceed IFP.

Entered for the Court

Carolyn B. McHugh
Circuit Judge