**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 23, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ANTHONY STEWART,

    Plaintiff - Appellant,

v.

KEVIN STITT; LARRY MORRIS;
ADAM LUCK; SCOTT WILLIAMS;
ALLEN McCALL,

    Defendants - Appellees.

No. 23-6212
(D.C. No. 5:23-CV-00832-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **EID**, and **FEDERICO**, Circuit Judges.
_____

Anthony Stewart, an Oklahoma prisoner proceeding pro se,[1] appeals the

dismissal of his 42 U.S.C. § 1983 action against various Oklahoma officials.

Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal as frivolous.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] "Because [Mr. Stewart] appeared pro se, we liberally construe his pleadings. Nevertheless, . . . he must comply with the same rules of procedure as other litigants." *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (citation

(continued)

Mr. Stewart's § 1983 complaint presented two claims: (1) that the governor of Oklahoma violated his constitutional rights by not signing legislation that would have brought about sentencing reform in the state and (2) that the lack of uniform criteria or specific rules governing Oklahoma's pardon and parole proceedings denied him due process of law. Screening the complaint under 28 U.S.C. § 1915A(a), the magistrate judge issued a report and recommendation to dismiss. Mr. Stewart filed timely objections, which the district court overruled. The district court agreed that Mr. Stewart's allegations challenge the legality and execution of his sentence, so § 1983 is not the proper vehicle for his claims. The court therefore adopted the recommendation and dismissed the claims without prejudice. This timely appeal followed.[2]

"Dismissal for failure to state a claim is a legal question we review de novo." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (reviewing a dismissal under § 1915A(b)(1)). "We must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted).

---

omitted). And in the course of our review, "[w]e will not act as his counsel, searching the record for arguments he could have, but did not, make." *Id.*

[2] Mr. Stewart filed a motion "request[ing] that a Certificate of Appealability be issued" in the district court. R. at 31. The district court denied that request as moot because appeals of § 1983 actions do not require a certificate of appealability. We have held such a request can operate as "the functional equivalent of a notice of appeal," *Martin v. Rios*, 472 F.3d 1206, 1207 (10th Cir. 2007), and we so construe it here. Because he filed this motion within 30 days of the judgment of dismissal, we therefore consider Mr. Stewart's appeal timely under Fed. R. App. P. 4(a)(1)(A).

Mr. Stewart's arguments on appeal do not in any way address the underlying basis for the dismissal of his lawsuit. He reiterates the allegations in his complaint regarding Oklahoma's sentencing scheme and asserts the state denied his application for commutation without a valid reason. But he in no way addresses the core reason for the dismissal: he "cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citations and internal quotation marks omitted).

Seeing no meaningful challenge to the district court's basis for dismissal, we dismiss this appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Ford v. Pryor*, 552 F.3d 1174, 1180 (10th Cir. 2008) ("An appeal is frivolous when the result is obvious." (internal quotation marks omitted)). We deny Mr. Stewart's motion to proceed in forma pauperis for failure to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). We also deny his "Judicial Notice Motion for Summary Disposition."

This dismissal, in addition to the district court's dismissal for failure to state a claim, operates as a strike under § 1915(g), so Mr. Stewart now has two strikes. *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780

3

(10th Cir. 1999), *overruled in part on other grounds*, *Coleman v. Tollefson*, 575 U.S. 532 (2015).

Entered for the Court


Allison H. Eid
Circuit Judge