**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KAREUME LAW,

      Petitioner - Appellant,

v.

JUSTIN JONES, Director,

      Respondent - Appellee.

No. 11-5040
(D.C. No. 4:09-CV-00805-TCK-PJC)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

      Kareume Law, a prisoner in Oklahoma proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's dismissal of his untimely 28 U.S.C.

§ 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal order

denying habeas petition). We deny Mr. Law's request for a COA and dismiss this appeal.

---

      *After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

A state court jury convicted Mr. Law of first degree murder and unauthorized use of a vehicle. He was sentenced to life in prison with the possibility of parole for the murder and a consecutive seven years' imprisonment for the vehicle conviction. It is uncontested that the one-year statute of limitations for filing a petition for federal habeas relief expired on November 13, 2007. *See* 28 U.S.C. § 2244(d). Mr. Law filed for state post-conviction relief almost two years after that date. He filed for federal post-conviction relief over two years after the deadline.

The district court dismissed Mr. Law's 28 U.S.C. § 2254 habeas petition as untimely and as having no basis for statutory or equitable tolling. *Law v. Jones,* No. 09-CV-805-TCK-PJC, 2011 WL 846872, at *5-6 (N.D. Okla. Mar. 8, 2011). We review that ruling for abuse of discretion. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). Equitable tolling is available "only in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotation omitted).

Mr. Law argues to this court that he should qualify for equitable tolling because (1) he pursued his rights diligently and (2) extraordinary circumstances beyond his control prevented his timely filing. *See Young v. Davis,* 554 F.3d 1254, 1258 (10th Cir. 2009) ("In the federal habeas context . . . the statute of limitations may be tolled for extraordinary circumstances, but tolling is only appropriate when an inmate diligently pursues his claim.").

We agree with the district court's well-reasoned opinion that although Mr. Law did encounter extraordinary circumstances due to his attorney's misconduct, Mr. Law

was not sufficiently diligent in pursuing his claim to merit equitable tolling. *See Law,* 2011 WL 846872, at \*4-5. He discovered that his attorney had lied about filing a petition in early 2008, and yet Mr. Law did not file one himself until nearly two years later. *Id.* at \*5. Mr. Law complains of obstacles to using the prison law library and obtaining a portion of relevant transcripts. But these obstacles were not sufficiently immediate and prolonged to justify the extent of Mr. Law's delay. *See id.* Thus, Mr. Law is not entitled to equitable tolling.

Mr. Law has not shown that "reasonable jurists would debate the correctness of the district court's procedural ruling," which he must do for a COA. *Lopez v. Trani,* 628 F.3d 1228, 1231 (10th Cir. 2010). We therefore DENY the application for a COA and DISMISS this appeal.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge