**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 4, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANTHONY ALLEN MACK,

       Petitioner-Appellant,

v.

JAMES FALK, Warden, Sterling
Correctional Facility; COLORADO
DEPARTMENT OF CORRECTIONS;
THE ATTORNEY GENERAL OF THE
STATE OF COLORADO,

       Respondent-Appellee.

No. 12-1303
(D.C. No. 1:12-CV-00956-LTB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **EBEL** and **MURPHY**, Circuit Judges.

Petitioner-Appellant Anthony Mack, a Colorado state prisoner proceeding pro se,

seeks a certificate of appealability ("COA"), see 28 U.S.C. § 2253(c), in order to appeal

the denial of his 28 U.S.C. § 2254 habeas petition as time-barred. He also requests leave

to proceed in forma pauperis ("IFP"). We GRANT Mack's IFP status but, after careful

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

consideration of the record and Mack's arguments, we DENY Mack's request for a COA, because we conclude that reasonable jurists would not find it debatable whether the district court was correct in its procedural ruling. Accordingly, we DISMISS this appeal.

## STANDARD FOR COA

This Court lacks jurisdiction to consider the merits of a habeas appeal unless we grant the applicant a COA. 28 U.S.C. § 2253(c)(1)(A). We issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). Where, as here, the district court dismissed the petition on procedural grounds, we will grant a COA if the petitioner can show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The district court concluded that Mack's petition was time-barred because (1) it was filed well after the expiration of the one-year limitation period imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"); (2) no state post-conviction motions statutorily tolled the one-year limitation period; and (3) Mack was not entitled to equitable tolling. Accordingly, the district court dismissed Mack's petition as untimely and ordered that no COA should issue. Mack then filed a motion for reconsideration, which the district court denied, and Mack filed his Combined Opening Brief and Application for a COA with this Court.

## DISCUSSION

Pursuant to 28 U.S.C. § 2244(d), AEDPA's one-year limitations period generally runs from "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). In this case, a Colorado jury convicted Mack in 1999 of second degree murder, for which he received a sentence of 40 years' imprisonment. The Colorado Court of Appeals affirmed, and the Colorado Supreme Court denied Mack's petition for certiorari review on May 20, 2002. After the Colorado Supreme Court denied his petition for certiorari, Mack did not seek certiorari from the United States Supreme Court, so his "time for seeking [direct] review" expired on August 19, 2003. See Habteselassie v. Novak, 209 F.3d 1208, 1209 (10th Cir. 2000).

Although the "time during which a properly filed application for State post-conviction or other collateral review" is pending tolls AEDPA's one-year limitations period, 28 U.S.C. § 2244(d)(2), the only pleading Mack filed within the following year was a letter requesting transcripts. As the district court correctly concluded, Mack's April 2003 request for transcripts "did not constitute an application for 'post-conviction or other collateral review with respect to the pertinent judgment or claim,' and, therefore, did not toll the limitations period." Dist. Ct. Op. at 6 (citing May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003)). Mack waited to file his first petition for state post-conviction relief, pursuant to Colo. Crim. P. Rule 35(c), until December 2005, over two

3

years after the AEDPA limitations period expired. Thus, Mack's federal habeas petition, which he filed April 10, 2012, is time-barred unless equitable tolling applies.

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). The petitioner "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008). "Ultimately, . . . we will vacate the District Court's determination that equitable tolling is inapplicable only if reasonable jurists could debate whether the court's refusal to toll the statute of limitations was an abuse of discretion." Fleming v. Evans, 481 F.3d 1249, 1254-55 (10th Cir. 2007).

Mack asserts that he is entitled to equitable tolling because his attorney misled him into believing the attorney was pursuing post-conviction relief on Mack's behalf. "[A]n attorney's negligence, for example, miscalculating a filing deadline, does not provide a basis for tolling a statutory time limit." Maples v. Thomas, 132 S.Ct. 912, 923 (2012). However, the Supreme Court has recognized that an attorney's conduct can constitute an "extraordinary circumstance" where he "essentially abandon[s] his client." Id. In that case, "a client [cannot] be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." Id.

Mack argued before the district court that his post-conviction counsel "did not act with mere negligence," Doc. 15 at 9, but rather that his counsel "deceived" and

4

"abandoned" him. Doc. 22 at 6; Doc. 15 at 9. In support of that contention, Mack recounted that on or before September 5, 2002—well before the expiration of AEDPA's one-year limitations period—Mack, through family members, paid a $10,000 retainer to attorney Gregory Graf. The contract between the parties contemplated that Graf would "represent [Mack] in connection with his post-conviction defense and a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254." Aplt. Br. App'x A. However, Graf failed to file timely a federal or state habeas petition on Mack's behalf. Mack complained that Graf "deceived him into believing that he was actively pursuing Mr. Mack's legal remedies when, in fact, . . . [Graf] was in the midst of juggling his military schedule, while still receiving payment . . . ." Doc. 15 at 9. Mack stated that he did not know "for certain[]" when Graf was deployed to the Middle East, but a June 2006 order from the state trial court indicates that Graf admitted that he had traveled to the Middle East four times "over the [preceding] two years." Aplt. App. at 33.

The district court acknowledged that an attorney's misconduct may sometimes qualify as an "extraordinary circumstance" that justifies equitable tolling. See Holland, 130 S.Ct. at 2562-63. However, the court determined that "the facts set forth by Mr. Mack in his Reply are insufficient to show that his attorney's unprofessional conduct constituted an extraordinary circumstance warranting equitable tolling . . . ." Dist. Ct. Op. at 8. Specifically, the court noted that Mack did not "explain with particularity when retained counsel was deployed to the Middle East and how that prevented him from filing a state post-conviction motion . . . ." Id. Furthermore, the court found that Mack "d[id]

5

not state any facts to show that he acted diligently in pursuing his state post-conviction remedies." Id.

Although the district court did not mention it, a recent Supreme Court decision, Maples v. Thomas, is instructive. 132 S.Ct. 912 (2012). In Maples, the Court recognized that where a petitioner has been abandoned by his attorney, he cannot "be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." 132 S.Ct. at 924. Here, Mack alleged that Graf misrepresented to him that he was "in the mi[d]st of preparing and filing an application for post-conviction relief," and that Graf "abandoned him" when he traveled to the Middle East. Doc. 15 at 9. Graf's failure to file a single motion on Mack's behalf for more than three years provides some support for Mack's allegation.

However, Maples does not stand for the proposition that a petitioner's initial "lack[ of] reason to believe his attorneys of record, in fact, are not representing him" might excuse complete inaction on the part of the petitioner for several years. See Maples, 132 S.Ct. at 923. Mack provided the district court with no indication as to how frequently he attempted to communicate with Graf, nor did he articulate the timing, frequency, or types of assurances he received that predicated his own inaction. Instead, Mack stated that "[w]hat Mr. Mack considers diligence in preserving and protecting his constitutional rights . . . was his retention of counsel." Doc. 22 at 5. We find no authority suggesting that alone is enough to toll AEDPA's one-year limitations period indefinitely. Accordingly, in light of Mack's "strong burden to show specific facts to

6

support his claim of extraordinary circumstances and due diligence," <u>Archuleta</u>, 525 F.3d at 928, we conclude that reasonable jurists could not debate whether the district court abused its discretion when it determined that Mack provided insufficient support for his claim that he acted diligently in the face of extraordinary circumstances.

Finally, we note that even if Mack had met his equitable-tolling burden for the entire time he was represented by Graf—and we agree with the district court that he did not—Mack's one-year federal habeas limitations period would have expired during the pendency of his December 2005 state habeas petition. The Colorado trial court denied Mack's petition as untimely in January 2006, the Colorado Court of Appeals affirmed the denial in April 2008, and the Colorado Supreme Court denied certiorari in August 2008. <u>See</u> 28 U.S.C.A. § 2244(d)(2) (instructing that AEDPA's limitations period is tolled only for the "time during which a <u>properly filed</u> application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" (emphasis added)); <u>Artuz v. Bennett</u>, 531 U.S. 4, 8, 11 (2000) ("[A]n application is '<u>properly</u> filed' when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings," including "time limits upon its delivery." (emphasis in original)). And even if Mack were somehow also entitled to equitable tolling during the entire 2005-2008 pendency of his December 2005 state petition, Mack has no excuse for waiting to file his federal petition for almost another four years after the state courts resolved the December 2005 petition in August 2008. <u>See Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir.2000) ("[I]gnorance of the law, even for an incarcerated pro se

7

petitioner, generally does not excuse prompt filing."). Thus, we conclude that reasonable jurists would not debate whether the district court was correct in its procedural ruling.

## CONCLUSION

Accordingly, we GRANT Mack's motion to proceed IFP, but we DENY his request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

8