FILED
United States Court of Appeals
Tenth Circuit

February 8, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

NED PACE, JR.,

        Petitioner-Appellant,

v.

JOHN CHAPDELAINE, Acting Warden;
THE PEOPLE OF THE STATE OF
COLORADO; JOHN SUTHERS, the
Attorney General of the State of Colorado,

        Respondents-Appellees.

No. 11-1567
(D.C. No. 1:11-CV-02556-LTB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

Petitioner Ned Pace, Jr., a Colorado state prisoner proceeding pro se,[1] seeks a

certificate of appealabilty ("COA") to appeal from the district court's dismissal of his

habeas petition brought under 28 U.S.C. § 2254. The district court dismissed Mr. Pace's

petition as untimely—barred by 28 U.S.C. § 2244(d)'s one-year limitations period. We

---

[*]     This Order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule
32.1.

[1]     Because Mr. Pace is proceeding pro se, we construe his filings liberally.
*See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d
1198, 1201 n.2 (10th Cir. 2010).

deny Mr. Pace's COA request and dismiss this matter.

# I

Mr. Pace was convicted by a jury in Colorado state court on two counts each of first-degree murder, felony murder, and sexual assault. He was sentenced to life in prison without parole. Mr. Pace filed a direct appeal to the Colorado Court of Appeals, which affirmed his convictions on May 5, 2005. Mr. Pace petitioned the Colorado Supreme Court for certiorari review, but his petition was denied on October 3, 2005. The Colorado Supreme Court issued its mandate on October 12, 2005.

On March 19 and 21, 2008, Mr. Pace filed post-conviction motions under Colorado Rule of Criminal Procedure 35(c). The trial court denied the motions on September 5, 2008. More than nine months later, on May 18, 2009, Mr. Pace filed another Rule 35(c) motion. The trial court denied the motion on January 7, 2010. Mr. Pace appealed, and the Colorado Court of Appeals affirmed the trial court on March 24, 2011. Mr. Pace again petitioned the Colorado Supreme Court for certiorari review, and again the Colorado Supreme Court denied his petition.

On September 29, 2011, Mr. Pace filed his petition under 28 U.S.C. § 2254 in the United States District Court for the District of Colorado, alleging, among other things, violations of "[E]qual Protection, Due Process, [r]ight to remain silent[,] and the [F]irst, Fourth, Sixth, Eighth, Ninth, Tenth, and Fourteenth[] Amendments." R. at 22 (Pet. for Writ of Habeas Corpus, filed Sept. 29, 2011). On October 24, 2011, the magistrate judge directed Respondents to file a pre-answer response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state-court remedies under 28 U.S.C. § 2254(b)(1)(A).  After Respondents filed their pre-answer response, and Mr. Pace submitted a reply brief, the district court dismissed Mr. Pace's petition. Because the court determined that the petition was time-barred under § 2244(d), and not subject to equitable tolling, it did not reach the question of whether Mr. Pace had exhausted his state-court remedies.  Finally, because in its estimation Mr. Pace had not made a substantial showing of the denial of a constitutional right, the district court denied him a COA.

## II

Mr. Pace requests a COA to appeal from the district court's denial of his § 2254 petition.  It is undisputed on appeal that Mr. Pace's habeas petition was filed outside of the one-year limitations period for filing a petition for federal habeas relief, *see* 28 U.S.C. § 2244(d), enacted under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, but Mr. Pace avers that equitable tolling should apply to allow his petition to advance despite its untimeliness, *see, e.g.*, *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (holding "that § 2244(d) is subject to equitable tolling in appropriate cases").  Absent our grant of a COA, we lack jurisdiction under AEDPA to review the merits of Mr. Pace's proposed appeal.  *See* 28 U.S.C. § 2253(c)(1)(A); *accord Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).  Specifically, "a COA is needed to appeal . . . the final order in a habeas corpus proceeding in which the detention

-3-

complained of arises out of process issued by a State court." *Montez v. McKinna*, 208

F.3d 862, 866–67 (10th Cir. 2000) (quoting 28 U.S.C. § 2253(c)(1)) (internal quotation

marks omitted).

We may issue a COA "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the

applicant must show "that reasonable jurists could debate whether . . . the petition should

have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th

Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation

marks omitted). Where the district court denies an application on a procedural ground,

ordinarily the applicant must show both "that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that

jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." *Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (quoting

*Slack*, 529 U.S. at 484) (internal quotation marks omitted).

"[W]e review the district court's decision on equitable tolling of the limitation

period for an abuse of discretion." *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

To qualify for equitable tolling, Mr. Pace must show "(1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544

U.S. 408, 418 (2005)) (internal quotation marks omitted). We address Mr. Pace's two

asserted grounds for equitable tolling. In the end, we find that the district court's decision on equitable tolling was correct, and that Mr. Pace has failed to meet his burden to establish that reasonable jurists could debate the correctness of the district court's resolution of his petition.

**A**

Mr. Pace first contends that equitable tolling should apply because of his attorney's misconduct. In his habeas petition, Mr. Pace alleged that he was abandoned by his attorney, who failed to file a habeas petition in 2006 and then returned some of the retainer money to Mr. Pace's parents in 2009. In his application for a COA, Mr. Pace again avers that his attorney, who was "retained to prepare and file a petition of habeas corpus," instead "abandon[ed]" him, which prevented Mr. Pace from timely filing a habeas petition. Aplt. Mot. for COA at 7 (capitalization altered). Mr. Pace also avers that, in May 2006, his attorney "lie[d] to [his] parent[s] about filing for [a] new trial." *Id.* (capitalization altered).

However, Mr. Pace does not explain how this alleged abandonment, which caused his parents to be misled "for at le[a]st *one year*[]," *id.* (emphasis added), resulted in Mr. Pace waiting to file his habeas petition until September 29, 2011 (more than five years after the attorney had been retained to file a habeas petition and approximately two years after the attorney had returned part of the retainer). *See Law v. Jones*, 433 F. App'x 651, 652 (10th Cir. 2011) (holding that the habeas petition did not qualify for equitable tolling because the petitioner "discovered that his attorney had lied about filing a petition in early

-5-

2008, and yet [the petitioner] did not file one himself until nearly two years later"); *cf. Holland*, 130 S. Ct. at 2565 (holding that the habeas petitioner *had* exercised the requisite reasonable diligence by writing his attorney numerous letters seeking crucial information and providing direction; repeatedly contacting the state courts, their clerks, and the state bar association in an effort to have his attorney removed from the case; and "promptly" filing his own habeas petition pro se after discovering that his AEDPA clock had expired due to his attorney's failings). Similarly, "the fact that Mr. Pace's attorney was contemplating filing for a new trial in 2006 does not explain Mr. Pace's complete failure to file any motions in his criminal case until March 19, 2008, nor his decision to delay the filing of his habeas application until September 29, 2011." R. at 202 (Order of Dismissal, filed Dec. 8, 2011).

In sum, Mr. Pace does not allege specific facts that would support a claim of due diligence after his attorney's alleged untruthfulness and abandonment. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (holding that the petitioner has a "strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence" (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)) (internal quotation marks omitted)). The district court determined that Mr. Pace had not met his burden of demonstrating that equitable tolling is appropriate as a result of his attorney's alleged misconduct, and we agree. Furthermore, reasonable jurists could not debate the

district court's resolution of this argument for equitable tolling.[2]

**B**

Mr. Pace's second contention is that equitable tolling should apply because, "when this court actually reaches the merits of [his] claims, [it] will become very clear and convincing that [he is] innocent." Aplt. Mot. for COA at 9; *see also* R. at 21 ("An evidentiary hearing for Mr. Pace will fin[d] enough evidence to indicate [that] Mr. Pace [is] innocent." (capitalization altered)). Mr. Pace avers that the DNA evidence against him was "weak," that the Colorado Supreme Court denied him access to the DNA evidence, and that further testing *might* reveal "fraud" or "evidence tampering." R. at 21 (capitalization altered); *see also id.* at 14 ("The DNA evidence that was use[d] against Mr. Pace at trial . . . was weak and contaminate [sic] and useless." (capitalization altered)); *see also id.* at 24 (explaining Mr. Pace's theory that the DNA evidence was weak because "thay [sic] only had ½ of Mr. Pace['s] DNA" and someone handling the

---

[2]  Reading Mr. Pace's pro se habeas petition liberally, *see Erickson*, 551 U.S. at 94, we respectfully diverge from the district court's view that "Mr. Pace [did] not allege that his counsel was assisting him in preparing a habeas petition[,]" *see* R. at 202. *See id.* at 23 ("Mr. Pace['s] parent[s] hired attorney Kallman Elinoff for Mr. Pace['s] writ of habesa [sic] corpus, 28 U.S[.]C. § 2254 . . . . Attorney Elinoff did'en [sic] filed no writ of habeas courpus [sic]-28 U.S.C. § 2254 for Mr. Pace before or on [the deadline]! . . . Then in 2009 Attorney Kallman Elinoff gave . . . Mr. Pace['s] parent[s] some of there [sic] retainer 'money' back. . . . The evidence of what happen[ed] show[s] that Mr. Pace was abandon[ed]." (capitalization altered)); *see also id.* at 189 (Reply Br., filed Nov. 21, 2011) ("Mr. Pace['s] petition . . . is subject to equitable tolling . . . based upon the unique facts of this case, where an attorney was retained to prepare and file a petition [but] failed to do so." (capitalization altered)). But, even though Mr. Pace did allege that his counsel failed to file his habeas petition as directed, for the reasons stated *supra*, the district court was undoubtedly correct in its conclusion that Mr. Pace is not entitled to equitable tolling on the ground of attorney misconduct.

samples might have contaminated the evidence (capitalization altered)). Mr. Pace also asserts that testing to determine "how long the DNA was . . . in the victims [sic] body . . . alone would have clear[ed him] from all guilt." *Id.* at 22 (capitalization altered).

Equitable tolling is appropriate when a prisoner is actually innocent. *Burger*, 317 F.3d at 1141. To establish a credible claim of actual innocence, a petitioner must support his claim with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), and show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," *id.* at 327. But Mr. Pace has provided no evidence that he is actually innocent, nor has he undermined the validity of any of the evidence of his guilt presented at trial. Mr. Pace's vague assertions related to the alleged unreliability of the DNA evidence presented at trial and what further testing might reveal are insufficient. Reasonable jurists could not debate the district court's conclusion here that Mr. Pace "has failed to assert any basis for equitable tolling." R. at 202.

### III

For the foregoing reasons, we **DENY** Mr. Pace a COA and **DISMISS** this matter.

We nonetheless **GRANT** Mr. Pace's motion to proceed *in forma pauperis*.


Entered for the Court


JEROME A. HOLMES
Circuit Judge