**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

WILLIE MARQUIS HALCROMBE, JR.,

      Respondent - Appellee.

No. 17-3062
(D.C. Nos. 5:17-CV-04004-JAR and
5:12-CR-40030-JAR-1)
(D. Kansas)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

Willie Marquis Halcrombe, Jr., a federal prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's denial of his 28

U.S.C. § 2255 motion. Because no reasonable jurist could debate the district court's

determination that Mr. Halcrombe's § 2255 motion was untimely, we deny Mr.

Halcrombe a COA and dismiss this appeal in its entirety.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] Because Mr. Halcrombe is appearing pro se, we liberally construe his pleadings. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). Nonetheless, a pro se litigant must comply with fundamental procedural rules, *id.*, and our "rule of liberal construction stops . . . at the point at which we begin to serve as his advocate," *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

# I.    BACKGROUND

After being charged in a three-count indictment for (1) possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1); (2) possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2; and (3) unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g), Mr. Halcrombe entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).[2] Mr. Halcrombe pled guilty to possession with intent to distribute cocaine base (also known as crack) and agreed to serve a 108-month term of imprisonment, even though the agreement's statement of facts in support of the guilty plea indicated Mr. Halcrombe was found in possession of cocaine powder, as opposed to cocaine base.[3] In addition, Mr. Halcrombe agreed to waive his right to appeal or collaterally attack his sentence, with limited exceptions. The district court accepted the parties' plea agreement and imposed the agreed-upon sentence on June 26, 2012.

---

[2] Federal Rule of Criminal Procedure 11(c)(1)(C) allows parties in a criminal case to "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply." Fed. R. Crim. P. 11(c)(1)(C). If a district court accepts a Rule 11(c)(1)(C) plea agreement, the parties' agreed-to sentence or sentencing range "binds the court." *Id.*

[3]"Crack and powder cocaine are two forms of the same drug. Powder cocaine, or cocaine hydrochloride, is generally inhaled through the nose; it may also be mixed with water and injected. Crack cocaine, a type of cocaine base, is formed by dissolving powder cocaine and baking soda in boiling water. The resulting solid is divided into single-dose 'rocks' that users smoke." *Kimbrough v. United States*, 552 U.S. 85, 94 (2007) (internal citations omitted). Traditionally, the United States Sentencing Guidelines have punished the possession of cocaine base more severely than the possession of cocaine powder. *Id.* at 94–95.

Shortly thereafter, the United States Probation Office filed a Post-Sentence Investigation Report ("PSR") that calculated Mr. Halcrombe's United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") imprisonment range as 27 to 33 months. This range was based on Mr. Halcrombe's possession of more than 25 grams of cocaine powder, *see* U.S.S.G. § 2D1.1(c)(13) (2011), and his criminal history category of IV.

Mr. Halcrombe did not file a direct appeal of his conviction or sentence; however, in October 2014, he requested a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) on grounds that Guidelines Amendment 782 applied to his sentence.[4] The district court denied Mr. Halcrombe's motion without prejudice. In April 2015, Mr. Halcrombe renewed his request for a reduction of his sentence under § 3582(c)(2). The district court denied Mr. Halcrombe's motion, concluding he was ineligible for relief under Amendment 782 because his sentence was imposed pursuant to a Rule 11(c)(1)(C) plea agreement and not a Guidelines range. In June 2016, Mr. Halcrombe filed a third motion to reduce his sentence under § 3582(c)(2), as well as a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on the basis of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). After the Government moved for dismissal of Mr. Halcrombe's § 2255 motion on grounds that *Johnson* is inapplicable to his sentence, Mr. Halcrombe withdrew the motion.

---

[4] The United States Sentencing Commission issued Amendment 782 in 2014, reducing by two the drug offense levels assigned to many drug offenses. *See* U.S.S.G. supp. to app. C, amend. 782 (U.S. Sentencing Comm'n 2014). And the Commission made Amendment 782 retroactive and available as the basis for a sentence reduction under 18 U.S.C. § 3582(c)(2). *United States v. Gutierrez*, --- F.3d ---, 2017 WL 2641063, at *2 (10th Cir. June 20, 2017).

While his third motion for a reduction of sentence under § 3582(c)(2) remained pending before the district court, Mr. Halcrombe filed the instant § 2255 motion on January 17, 2017. In his motion, Mr. Halcrombe claims he is entitled to post-conviction relief from his sentence because: (1) his sentence violates the Ex Post Facto Clause of the United States Constitution; (2) the prosecutor engaged in misconduct; (3) he received ineffective assistance from counsel; (4) the district court violated Rules 11 and 32 of the Federal Rules of Criminal Procedure, as well as U.S.S.G. § 4A.1.3; and (5) Amendment 782 applies to his sentence. Underlying the majority of Mr. Halcrombe's claims is his argument that there is no factual basis supporting his conviction for possessing cocaine base, as both the plea agreement and PSR only indicate he possessed cocaine powder.

The district court determined that Mr. Halcrombe's § 2255 motion was filed over three years late, and that he is not entitled to an equitable tolling of the limitations period because he cannot show diligence in pursuing his claims or extraordinary circumstances preventing him from timely raising those claims. Alternatively, the district court found that Mr. Halcrombe's claims fail on the merits because his counsel was not ineffective in assisting him to enter the plea agreement and the collateral attack waiver contained in that agreement bars the remainder of his claims. Finally, the district court reiterated that Mr. Halcrombe is not entitled to relief under § 3582(c)(2) on the basis of Amendment 782. Accordingly, the district court denied Mr. Halcrombe's § 2255 motion, as well as his § 3582(c)(2) motion.

Mr. Halcrombe timely appealed the district court's denial of his § 2255 motion. However, he did not file an appeal and does not make any arguments regarding the district court's denial of his request for a reduction of his sentence under § 3582(c)(2).

## II. DISCUSSION

### A. Legal Standards

To appeal the district court's order and judgment denying him relief under § 2255, Mr. Halcrombe must first obtain a COA.[5] 28 U.S.C. § 2253(c)(1)(B). The standards for obtaining a COA are the same regardless of whether the applicant is a state or federal prisoner: a petitioner must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

Where, as here, the district court denies a § 2255 motion on procedural grounds, the Supreme Court has indicated a petitioner must satisfy a two-part standard to obtain a COA. This standard requires Mr. Halcrombe to show "that jurists of reason would find it debatable whether [his] petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[s]." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *see also Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008). Mr. Halcrombe must satisfy both factors, as "[e]ach component . . . is part of a threshold inquiry." *Slack*, 529 U.S. at 485.

---

[5] "A COA is a jurisdictional pre-requisite to our review." *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006).

Rather than address the threshold requirements in order, we may first "resolve the issue whose answer is more apparent from the record and arguments," though because we ordinarily "will not pass upon a constitutional question . . . if there is also present some other ground upon which the case may be disposed," we generally resolve procedural issues first. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of [Mr. Halcrombe's § 2255 motion], a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* at 484; *see also Coppage*, 534 F.3d at 1281. However, if reasonable jurists could debate the district court's determination that Mr. Halcrombe's petition is time-barred, we must then consider whether Mr. Halcrombe has stated a valid constitutional claim. In doing so, we "simply take a quick look at the face of the [§ 2255 motion] to determine whether [Mr. Halcrombe] has facially alleged the denial of a constitutional right." *Paredes v. Atherton*, 224 F.3d 1160, 1161 (10th Cir. 2000) (internal quotation marks omitted). When making such a determination, we are limited to "an overview of the claims in the habeas petition and a general assessment of their merits," rather than "full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Buck v. Davis*, 137 S. Ct. 759, 773 (2017) ("When a court of appeals sidesteps the COA process by first deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction." (alteration in original) (quoting *Miller-El*, 537 U.S. at 336–37)).

After careful consideration of the district court's order and the record on appeal, we conclude Mr. Halcrombe is not entitled to a COA because reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted). Accordingly, we deny Mr. Halcrombe's request for a COA and dismiss his appeal for the reasons set forth below.

## B. Procedural Bar

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal prisoner seeking relief under 28 U.S.C. § 2255 has one year to file a motion to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255(f). This limitations period runs, in relevant part, from the latest of (1) "the date on which the judgment of conviction becomes final," or (2) "the date on which the facts supporting the . . . claims presented could have been discovered through the exercise of due diligence." *Id.* § 2255(f)(1), (4). The district court entered judgment on June 26, 2012, and that judgment became final fourteen days later on July 10, 2012. *See United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed . . . ."). Thus, to be considered timely under § 2255(f)(1), Mr. Halcrombe was required to file his § 2255 motion by July 10, 2013. Mr. Halcrombe

failed to meet this deadline, filing his § 2255 motion on January 17, 2017—over three years after the expiration of the limitations period.

Mr. Halcrombe appears to have argued before the district court that his motion may still be considered timely under § 2255(f)(4) because the claims raised in his motion rely on newly discovered evidence.[6] But the only evidence Mr. Halcrombe identified is a statement included in the plea agreement and PSR that indicates he was in possession of cocaine powder, as opposed to cocaine base. This information is not new, and the one year period from "the date on which the[se] facts . . . could have been discovered through the exercise of due diligence" expired long before Mr. Halcrombe filed his § 2255 motion. 28 U.S.C. § 2255(f)(4). Therefore, Mr. Halcrombe's § 2255 motion is untimely and subject to dismissal unless he is entitled to equitable tolling.

Although § 2255's one-year limitations period is subject to equitable tolling, it is only warranted "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). We have previously recognized the narrow scope of this doctrine in the habeas context, noting that "[t]his equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.

_____

[6] In his motion, Mr. Halcrombe relies on 28 U.S.C. § 2255(h)(1) to argue that his motion is timely. However, § 2255(h) describes situations in which we may grant a petitioner authorization to file a second or successive § 2255 motion. Because Mr. Halcrombe withdrew his prior § 2255 petition, this petition is not a second or successive petition and he was not required to seek authorization to file it. As a result, his contentions regarding newly discovered evidence are more appropriately considered under § 2255(f)(4).

2000); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Such exceptional circumstances include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (citations omitted).

An attorney's misconduct or "egregious behavior" may also "create an extraordinary circumstance that warrants equitable tolling." *Holland*, 560 U.S. at 651. But, "[s]imple excusable neglect is not sufficient" to meet this standard. *Gibson*, 232 F.3d at 808; *see also Holland*, 560 U.S. at 651–52 ("We have previously held that 'a garden variety claim of excusable neglect' . . . does not warrant equitable tolling." (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990))). "An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence," and to satisfy this burden the petitioner must "allege with specificity the steps he took to diligently pursue his federal claims." *Yang v. Archuleta*, 525 F.3d 925, 928, 930 (10th Cir. 2008) (brackets and internal quotation marks omitted).

Applying these principles, the district court determined that Mr. Halcrombe is not entitled to equitable tolling and that his § 2255 motion is therefore untimely and subject to dismissal. In reaching this conclusion, the district court reasoned that Mr. Halcrombe failed to allege any facts that demonstrate he diligently pursued the claims raised in his § 2255 motion. It also found Mr. Halcrombe's allegations that his counsel abandoned him and failed to forward him the record did not constitute extraordinary circumstances

9

beyond his control that prevented him from raising his claims within the limitations period.

In his application for a COA, Mr. Halcrombe again argues he is entitled to equitable tolling because his counsel abandoned him and failed to forward him the case record. In support of these arguments, Mr. Halcrombe claims that from September 2012 until September 2013, he and his family members attempted to contact his counsel by telephone and electronic mail. Mr. Halcrombe alleges that during the single conversation he had with his counsel during this time, he requested that counsel file a direct appeal based on a claim of ineffective assistance of counsel. Mr. Halcrombe asserts that counsel indicated he would prepare the paperwork for the appeal, but that after that conversation he did not hear from counsel again.

Even accepting Mr. Halcrombe's allegations as true, the relevant legal standards lead to the conclusion that no reasonable jurist could debate the district court's determination that Mr. Halcrombe is not entitled to equitable tolling. Before the district court and again in his request for a COA, Mr. Halcrombe asserts no facts supporting a conclusion that he diligently pursued the claims raised in his § 2255 motion. Although Mr. Halcrombe filed multiple § 3582(c)(2) motions, and a subsequently withdrawn *Johnson*-based § 2255 motion, each of these motions was filed outside the limitations period and did not assert the claims raised in the instant § 2255 motion. And while Mr. Halcrombe alleges his counsel agreed to file an appeal on his behalf but later abandoned him, he does not contend that he attempted to communicate with counsel over the next three years or explain how this alleged abandonment caused him to wait until

10

January 2017 to file his § 2255 motion. This deficiency is particularly compelling as Mr. Halcrombe does not allege counsel's representation extended to the filing of a § 2255 motion. *See Mack v. Falk*, 509 F. App'x 756, 758–60 (10th Cir. 2013) (unpublished) (holding that while a petitioner cannot "be faulted for failing to act on his own behalf when he lacks reasons to believe his attorneys of record, in fact, are not representing him," this principle does not "excuse complete inaction on the part of the petitioner for several years" (quoting *Maples v. Thomas*, 565 U.S. 266, 283 (2012))); *Pace v. Chapdelaine*, 510 F. App'x 724, 726–27 (10th Cir. 2013) (unpublished) (concluding petitioner failed to allege sufficient facts to support a claim of due diligence after his attorney's alleged untruthfulness and abandonment because petitioner did not explain how the alleged abandonment caused petitioner to wait to file his habeas petition until five years after the attorney had been retained to file the habeas petition and approximately two years after the attorney had returned part of the retainer); c*f. Holland*, 560 U.S. at 653 (finding petitioner had demonstrated diligent pursuit of his federal claims where petitioner "wrote his attorney numerous letters seeking crucial information and providing direction; . . . repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have" his attorney removed from his case; and "prepared his own habeas petition *pro se* and promptly filed it with the District Court" the day he discovered that the AEDPA time limitation had expired due to his attorney's failings).

As a result, Mr. Halcrombe's allegations fall far short of establishing that he diligently pursued his federal claims. In contrast to a number of cases in which equitable

11

tolling was deemed warranted, Mr. Halcrombe fails to allege that his counsel's representation extended to filing a § 2255 motion on his behalf or that he took any affirmative efforts to ensure his counsel pursued particular remedies to preserve his habeas rights. *Holly v. Bravo*, 612 F. App'x 922, 925 (10th Cir. 2015) (unpublished). Moreover, Mr. Halcrombe does not allege that he requested the record before the limitations period had expired, nor does he explain why the record was required in order to raise the claims presented in his § 2255 motion.

Accordingly, no reasonable jurist could debate the district court's determination that Mr. Halcrombe is not entitled to equitable relief and that his § 2255 motion is therefore subject to dismissal.

## III.    CONCLUSION

For the reasons set forth above, we conclude that reasonable jurists could not debate the district court's denial of Mr. Halcrombe's § 2255 motion. We therefore deny his request for a COA and dismiss this appeal in its entirety.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

12