11-521-cr
*United States v. Martinez*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of April, two thousand twelve.

Present:
        DEBRA ANN LIVINGSTON,
        GERARD E. LYNCH,
        CHRISTOPHER F. DRONEY,
                *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

        *Appellee*,

                v.                                              No. 11-521-cr

Marco Antonio Mateo-Mejia, Guario Gonzalez-Guzman,
Pedro Rafael Payano, Luis Manuel Minaya-Rodriguez,

        *Defendants*,

AGUSTIN TIGELINO MARTINEZ,
        *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | Elizabeth S. Riker, Elizabeth A. Horsman, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney, Northern District of New York, Syracuse, N.Y. |
| For Defendant-Appellant: | Brian Sheppard, New Hyde Park, N.Y. |

Appeal from judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Agustin Tigelino Martinez ("Martinez") appeals from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*), entered February 8, 2011, convicting him, after trial by jury, of one count of conspiring to bring an alien into the United States in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 371, and one count of conspiring to transport an alien in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). On appeal, Martinez argues that his trial counsel rendered constitutionally ineffective assistance and that the district court's supplemental jury instructions were plainly erroneous. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"A defendant claiming ineffective assistance must (1) demonstrate that his counsel's performance 'fell below an objective standard of reasonableness' in light of 'prevailing professional norms'; and (2) 'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." *United States v. Cohen*, 427 F.3d 164, 167 (2d Cir. 2005) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 693 (1984)).

Martinez argues first that his trial counsel rendered ineffective assistance by failing to request individual polling of the jury after the foreperson delivered guilty verdicts on both counts. We disagree. Although the record indicates that the jury was unable to agree on a unanimous verdict with respect to one of the counts during the first full day of deliberations, the district court expressly asked after the foreperson delivered the verdicts the following morning whether all of the jurors

agreed with them; the jury *en masse* stated their agreement with each count. We must "presume . . . that the judge or jury acted according to law," and Martinez has not affirmatively proven "a reasonable probability that, but for counsel's [decision not to poll the jurors individually], the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Nor do we agree with Martinez that his *counsel's* failure to request a jury poll when expressly invited to do so by the district court is "per se reversible." Because Martinez has not proven prejudice, we need not and do not decide whether counsel's decision not to poll the jurors fell below an objective standard of reasonableness.

Martinez also claims that his counsel was ineffective for failing to object when the district court twice acknowledged, consistent with a jury note, that the jury had come to a unanimous verdict on Count Two (though it had not reached a verdict on Count One). Martinez contends the court's observations "effectively charged the jury . . . that the verdict as to that [second] count was official and irrevocable." Appellant's Br. at 34. The first instance involved the court's asking if the jury "want[ed] to go back and work on Count One, now that you've decided Count Two," and occurred shortly after the court received and read a jury note stating that "[w]e have come to a unanimous verdict on Count Two." In the second of these instances, the district court read the jury note aloud and instructed the jury to "consider the case, deliberate upon it—I should say 'the count'—and reach a verdict without fear or sympathy." We need not decide whether prevailing professional norms required counsel to object to these statements because Martinez has not demonstrated a reasonable likelihood that the outcome would have been different had an objection been made, and because failing to so object is not "per se reversible."

3

Finally, Martinez argues that his counsel's failure to object to the district court's supplemental jury instructions rendered his assistance ineffective, and that the instructions themselves amounted to plain error by the district court. During deliberations, a note from the jury asked: "To find the defendant guilty on either count, do we have to conclude that he was aware of a conspiracy's specific goal to bring an alien into the United States or to transport that alien within the United States, or is it sufficient to find that the defendant was generally aware that illegal acts were taking place?" The district court responded, "Merely being aware of illegal acts taking place does not make one a conspirator. And the answer to the first part of your question, yes, he must have been aware of the conspiracy's specific goals, each conspiracy as you know them to be and have stated them in your question." The jury later asked again, "With regard to this morning's questions, would you please re-read and probably rephrase your direction?" In response, the district court instructed, "It's not sufficient to find that a defendant was generally aware that illegal acts were taking place. That's not sufficient for a conviction. But if the defendant was aware of a conspiracy's specific goal to bring an alien to the United States or to transport that alien within the United States, that would be a requirement if he joined the conspiracy and if there was a conspiracy."

Martinez argues that these instructions misled the jury because they did not clarify that Martinez also "had to have acted with the intention of furthering [the conspiracy's] purpose." Appellant's Br. at 41. The district court, however, had already clearly instructed the jury that "[o]ne becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy." The court's principal instruction also stated that "one who has no knowledge of a conspiracy but happens to act in a way that furthers

some object or purpose of the conspiracies does not thereby become a conspirator." Moreover, as Martinez acknowledges, when the jury later requested that the court "re-read and . . . re-phrase" its supplemental instruction, the court specifically noted that Martinez had to join the conspiracy, and not merely be aware of its existence.

In context, then, the jury's question was directed at how much Martinez was required to have known about the conspiracy's illegal object, as distinct from the requirement that he willfully join in the agreement. *See United States v. Santos*, 541 F.3d 63, 70 (2d Cir. 2008) (holding that a jury may convict for conspiracy only if it finds "(1) the existence of the conspiracy charged; (2) that the defendant had *knowledge of the conspiracy*; and (3) that the defendant *intentionally joined the conspiracy*") (emphases added and citations omitted). The instruction was thus an appropriate response to the question the jurors had posed, and was not misleading. Because the instructions, "viewed in context, not only with respect to the overall charge, but also with respect to the entire trial record," were not "reasonabl[y] likel[y]" to have led the jury to believe it could convict based only on knowledge, *Brown v. Greene*, 577 F.3d 107, 111 (2d Cir. 2009), the district court did not plainly err in instructing the jury and counsel did not render ineffective assistance in failing to object.

We have reviewed Martinez's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5