FILED
United States Court of Appeals
Tenth Circuit

December 19, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DETREK MANCHEL TUCKER,

Defendant - Appellant.

No. 14-6172
(D.C. Nos. 5:14-CV-00183-F and
5:10-CR-00056-F-1)
(W.D. Oklahoma )

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

---

Defendant Detrek M. Tucker seeks a certificate of appealability (COA) to appeal

the district court's denial of his motion under 28 U.S.C. § 2255. *See* 28 U.S.C.

§ 2253(c)(1)(B) (requiring a COA to appeal denial of a § 2255 motion). We deny a COA

and dismiss the appeal.

Defendant was convicted by a jury in the United States District Court for the

Western District of Oklahoma of multiple drug and firearms offenses. We affirmed his

conviction on appeal.  *See United States v. Tucker*, 502 F. App'x 720 (10th Cir. 2012),

*cert. denied*, 133 S. Ct. 1302 (2013).  Defendant then filed a pro se motion for relief

under 28 U.S.C. § 2255 raising the following claims:  (1) he was improperly sentenced on

six counts that should not have been charged against him; (2) the district court erred in

failing to poll the jurors individually after the verdict was read; (3) trial counsel was

ineffective in failing to request that the jurors be polled individually; and (4) the verdict

was invalid because the bailiff did not get the verdict form from the jury foreman.  In

addition, Defendant requested an evidentiary hearing.

The district court denied Defendant's § 2255 motion and declined to issue a COA,

concluding that all four claims were without merit and an evidentiary hearing was not

warranted.  He seeks a COA from this court on the same claims he raised below, and also

seeks remand for an evidentiary hearing.  In addition, Defendant seeks a COA on a claim

that the district court erred by failing to subpoena his uncle as a witness in his favor.  But

he did not raise this issue in district court, and we will not consider it for the first time on

appeal.  *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) ("[A]s to issues

that were not presented to the district court, we adhere to our general rule against

considering issues for the first time on appeal.").

A COA will issue "only if the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires "a

demonstration that . . . includes showing that reasonable jurists could debate whether (or,

for that matter, agree that) the petition should have been resolved in a different manner or

2

that the issues presented were adequate to deserve encouragement to proceed further."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* None of the grounds raised by Mr. Tucker satisfies this standard.

To begin with, although Defendant's brief in this court states that he is raising the same claims that he raised below, his brief presents no argument that he was improperly sentenced on six counts. The claim has therefore been abandoned. *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10th Cir. 1990) (plaintiff waived issue that was listed as issue on appeal but not argued in appellate brief or at oral argument).

Next, Defendant argues that the trial court erred in failing to poll the jurors individually. Federal Rule of Criminal Procedure 31(d) provides that "[a]fter a verdict is returned but before the jury is discharged, the court must on a party's request, or may on its own, poll the jurors individually." Defendant asserts that the court did not poll the jury at all, but the trial transcript shows otherwise. After the clerk read the jury's verdicts of guilty on all counts, the court asked the jurors to raise their hands if these were the verdicts of each and every one of them. The transcript states that all jurors raised their hands. In any event, "[u]nder the Antiterrorism and Effective Death Penalty Act (AEDPA), a COA may issue only when the applicant has made a substantial showing of the denial of a *constitutional* right." *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (internal quotation marks omitted). And Defendant has provided no authority

3

that there is a constitutional right to a jury poll. *See Cabberiza v. Moore*, 217 F.3d 1329, 1336 (11th Cir. 2000) ("Although polling the jury is a common practice, we know of no constitutional right to have a poll conducted."); *United States v. Miller*, 59 F.3d 417, 419 (3d Cir. 1995) ("Although not of constitutional dimension, the right to a poll has its roots in the early common law."); *cf. Humphries v. District of Columbia*, 174 U.S. 190, 195 (1899) ("Can it be that, after each of the jurors has signed the verdict, and after it has been returned, and each is present, ready to respond to a poll, the mere inability to complete the poll and make a personal appeal to each renders the entire proceedings of the trial void? We are unable to assent to such a conclusion."). Thus, Defendant's challenge to the district court's method of polling the jurors does not assert a claim for which a COA can issue.

Defendant's third claim is that his trial counsel was ineffective in failing to request that the jurors be polled individually. To obtain relief on this claim, Defendant must show both that his "counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984). The review of trial counsel's performance "must be highly deferential" and the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation

4

marks omitted). "When discussing *Strickland's* deficient performance component, . . . we have emphasized that the Sixth Amendment does not guarantee an errorless trial, and prevailing professional norms do not require perfection at trial." *Bullock v. Carver*, 297 F.3d 1036, 1048 (10th Cir. 2002) (brackets and internal quotation marks omitted).

Applying this demanding standard, Mr. Tucker has failed to show that his counsel's performance fell below an objective standard of reasonableness. All the jurors raised their hands to indicate that they agreed with the guilty verdicts, and Defendant has not identified any evidence supported by the record that would suggest a lack of unanimity. He has asserted that jurors expressed disagreement with the verdict after it was read, and he apparently submitted an affidavit by his mother supporting this claim. But the unredacted transcript does not reflect any juror disagreement, and the district judge below, who was also the judge at the trial, listened to the audio recording of the trial and found that it did not substantiate Defendant's claim. In light of the jurors' demonstration of unanimity through raising their hands and the absence of any evidence of reluctance by a juror, counsel's failure to request an individual poll was not objectively unreasonable. *See United States v. Costa*, 691 F.2d 1358, 1363–64 (11th Cir. 1982) ("Since there is nothing in the record to indicate any juror was uncertain of the verdict, counsel's failure to request a poll does not fall outside the range of competence expected of attorneys in criminal cases."); *United States v. Gerardi*, 586 F.2d 896, 899 (1st Cir. 1978) ("Defense counsel had no reason to believe that the verdict was anything less than unanimous, and his decision to forego an individual poll may have been a reasonable

5

choice of trial tactics. But even if unwise . . . in hindsight, such a choice does not constitute constitutionally-deficient representation under the reasonably competent assistance standard." (brackets and internal quotation marks omitted)); *United States v. Ambo*, 64 F. App'x 416, at \*2 (5th Cir. 2003) (per curiam) ("Absent some indication that the jury's verdict was not unanimous, counsel did not perform deficiently by declining to poll the jury.").

Moreover, Defendant has not shown prejudice. A sister circuit observed more than a half-century ago that jury polling almost never changes the verdict. *See Martin v. United States*, 182 F.2d 225, 227 (5th Cir. 1950) ("The right of a defendant to poll the jury is of course recognized and long established, but from a practical standpoint, experience of the years has shown that its benefit to a defendant in effecting a change or modification of the jury's verdict is substantially nonexistent."); *see also United States v. Mateo-Mejia*, 475 F. App'x 773, 774 (2d Cir. 2012) (no showing of prejudice from counsel's failure to request individual poll after unanimous collective poll even though jury had been unable to agree on a unanimous verdict on one of the counts during first day of deliberations), *cert. denied sub nom. Martinez v. United States*, 133 S. Ct. 291 (2012). The district court's rejection of this claim is not debatable.

Fourth, Defendant contends that the jury foreman did not give the verdict form to the bailiff. This contention is apparently supported by an affidavit from Defendant's mother. But the trial transcript states that the judge asked the jury foreman to give the

verdict form to the bailiff, found the verdict was in proper form, and then asked the clerk to read the verdict. The district court's rejection of this claim is not debatable.

Finally, Mr. Tucker argues that the district court erred in denying him an evidentiary hearing to resolve his claims. He contends that he is entitled to subpoena the security video and audio recording of his trial, as well as all witnesses in the courtroom on the day of his trial. "In response to a § 2255 motion, the district court must hold an evidentiary hearing on the prisoner's claims unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Lopez,* 100 F.3d 113, 119 (10th Cir. 1996) (brackets and internal quotation marks omitted). "We review the district court's refusal to hold an evidentiary hearing for an abuse of discretion." *United States v. Harms*, 371 F.3d 1208, 1210 (10th Cir. 2004). The transcript of Defendant's trial conclusively establishes the falsity of Defendant's allegations and shows that he is not entitled to relief. The district court did not abuse its discretion in denying an evidentiary hearing.

No reasonable jurist could debate the district court's rulings. We DENY the application for a COA and DISMISS the appeal. We DENY Defendant's pending motions.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

7