**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 28, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FRANCISCO BURCIAGA,

    Defendant - Appellant.

No. 16-2121
(D.C. Nos. 1:15-CV-00460-MV-GBW
and 1:08-CR-01541-MV-1)
(D. New Mexico)

_____

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]
_____

Before **GORSUCH**, **BALDOCK,** and **McHUGH**, Circuit Judges.
_____

Francisco Burciaga, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) under 28 U.S.C. § 2253(c)(1)(B) granting him permission to

appeal from the district court's denial of his petition for writ of habeas corpus under

28 U.S.C. § 2255. Because Mr. Burciaga is proceeding pro se, we construe his filings

liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), but "our role is

not to act as his advocate," *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir.

2009). Mr. Burciaga is serving a federal sentence for possession with intent to

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

distribute 1,000 grams and more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A). He argues in his § 2255 petition that his conviction and sentence are unconstitutional based on a litany of alleged errors, including his counsel's failure to poll the jury. The district court denied his petition, as well as his application for a COA. Mr. Burciaga has now filed a combined merits brief and application for a COA in this court. Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. Burciaga's application for a COA and dismiss his appeal.

## I. BACKGROUND

On June 24, 2008, Mr. Burciaga was stopped along Interstate 40 for a traffic violation. During a consensual search of his vehicle, officers discovered a hidden compartment carrying 17.7 kilograms of heroin. He was then charged with possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A). Mr. Burciaga was tried twice on these charges. His first trial in November 2009 ended in a mistrial. Prior to re-trial, Mr. Burciaga filed a motion to suppress the heroin found in his vehicle during the traffic stop, which the district court granted. The government appealed that decision and this court reversed and remanded. As a result, the evidence was presented to the jury during Mr. Burciaga's re-trial on May 31, 2013, which resulted in a conviction.

Mr. Burciaga subsequently sought relief under 28 U.S.C. § 2255 on ten separate grounds, including alleged defects in the information filed against him, as well as his counsel's decision to not poll the jury. A magistrate judge recommended denying the petition, finding that most of the allegations failed to assert a violation of

2

a constitutional right, and that the rest of the claims were without merit. Mr. Burciaga filed objections, which the district court overruled, adopting the magistrate judge's findings and recommendations in full. The district court also denied Mr. Burciaga's subsequent motion to amend pursuant to Fed. R. Civ. P. 59(e).

In response, Mr. Burciaga timely filed a petition for a COA with the district court,[1] claiming again that there were defects in the information and that his counsel provided ineffective assistance of counsel by failing to poll the jury. The district court denied the petition. Mr. Burciaga also filed a motion to proceed in forma pauperis (IFP) with the district court, on which the district court did not rule. He has renewed his request for IFP status before this court on appeal.

## II.    DISCUSSION

In seeking a COA from this court, Mr. Burciaga raises the same arguments he raised in the district court: namely, that the government failed to properly file a 21 U.S.C. § 851 information, in violation of his due process rights; and that his counsel failed to poll the jury, in violation of his right to the effective assistance of counsel. We agree with

---

[1] Mr. Burciaga's petition for a COA with the district court was due on May 27, 2016. *See* Fed. R. App. P. 4(a)(1)(B) (requiring that notice of appeal be filed within sixty days after "entry of the judgment or order appealed from"); *Martin v. Rios*, 472 F.3d 1206, 1207 (10th Cir. 2007) (treating an application for a COA as the "functional equivalent" of a notice of appeal). Because his petition was not docketed by the district court until May 31, 2016, the question was raised whether he was entitled to the prisoner mailbox rule. *See* Fed. R. App. P. 4(c)(1) ("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Mr. Burciaga has attested to the fact that he deposited his petition in the prison mail on May 25, 2016, and the tracking history for his certified mail proves that his petition was in the mail by May 26, 2016, at the latest. Accordingly, we deem his petition to be timely filed.

the district court that Mr. Burciaga has failed to make a substantial showing of the denial of a constitutional right, and we therefore deny his request for a COA. A federal prisoner must obtain a COA as a jurisdictional prerequisite to challenge a federal district court's denial of habeas corpus relief. 28 U.S.C. § 2253(c)(1)(B); *United States v. Harper*, 545 F.3d 1230, 1233–34 (10th Cir. 2008). And we will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a habeas petitioner to "show[] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

## 1. Jury Polling

First, Mr. Burciaga explains that he vocally requested a jury poll after the verdict was read, but that his counsel told the court "no," and the trial judge either did not hear or ignored his request.[2] In essence, he claims ineffective assistance of counsel based on his counsel's failure to poll the jury, which requires him to establish that "counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In the jury polling context, if "there is

---

[2] Mr. Burciaga's counsel concedes that he did not heed Mr. Burciaga's instruction to request that the jury be polled.

nothing in the record to indicate any juror was uncertain of the verdict, counsel's failure to request a poll does not fall outside the range of competence expected of attorneys in criminal cases." *See United States v. Tucker*, 596 F. App'x 616, 619 (10th Cir. 2014) (internal quotation marks omitted), *cert. denied*, 135 S. Ct. 2847 (2015).

Here, Mr. Burciaga challenges several aspects of the trial and investigation, including instances of alleged destruction of evidence and prosecutorial misconduct, to argue that the circumstances indicate a possible lack of unanimity. Mr. Burciaga also claims the jurors were displeased because they were unable to see the entire course of a dashcam video used at trial, which was allegedly altered. But Mr. Burciaga's qualms about the government's conduct before and during trial is not evidence that the jurors expressed uncertainty over the verdict.

He further claims that during his *first* trial (in which a mistrial was declared), "one of the jurors said to another juror out loud 'I don't know,'" and another "used the hand protection cross sign (crossmund) accompanied with a sigh of relief." These events at his first trial, however, have no bearing on the unanimity of the different jury that sat in his second trial and actually returned a verdict. In sum, Mr. Burciaga cites to nothing in the record indicative that any juror was uncertain over the *verdict*, which is required to establish that counsel performed deficiently by not polling the jury. We therefore decline to issue a COA on this claim.

## 2. Challenge to Prior 10th Circuit Panel Decision

Second, Mr. Burciaga claims this court erred in issuing *United States v. Burciaga*, 687 F.3d 1229 (10th Cir. 2012), which reversed the district court's suppression of evidence in his trial. He argues that the word "heroin" was improperly mentioned in certain trial documents potentially considered by the panel issuing that decision, and that the panel misapplied New Mexico law. He takes particular issue with language from the decision remanding the case "for further proceedings not inconsistent with th[e] opinion." *Id*. at 1235. He complains that this fairly standard remand instruction granted the prosecution "broad reach." But Mr. Burciaga fails to demonstrate how the prior panel's allegedly "broad" instruction on remand or potential exposure to the word "heroin" denied him a constitutional right. Accordingly, he is not entitled to a COA on this issue.

## 3. Defects in the Information

Third, and finally, Mr. Burciaga claims the government failed to file and serve a new information under 21 U.S.C. § 851 in advance of his re-trial, which he claims violated his right to due process. The magistrate judge addressed these arguments in recommending a denial of Mr. Burciaga's § 2255 petition, concluding "the statute does not expressly require such a re-filing after a mistrial, and the undersigned is unaware of any case law creating such a requirement." Mr. Burciaga filed objections, but they were not stated with specificity and the district court deemed his challenges waived. The district court also denied a COA on his claims. We deny a COA as well,

because Mr. Burciaga fails to make a substantial showing that the government's filing and service of the § 851 information denied him his right to due process.

Section 851 requires the government, "before trial," to "file[] an information with the court (and serve[] a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1). It may be true that the government did not re-file an information under § 851 prior to the second trial, or serve Mr. Burciaga or his counsel for a second time with the information before the re-trial. But § 851 does not require as much, despite Mr. Burciaga's contentions to the contrary. *See United States v. Mayfield*, 418 F.3d 1017, 1021 (9th Cir. 2005) ("[T]he government's initial filing of the information pursuant to 21 U.S.C. § 851(a) and its compliance with the notice provision of that statute before [the defendant's] first trial complied with the statute and satisfied [the defendant's] due process rights; refiling the information and regiving the notice after the first trial and before the second trial was not required."); *United States v. Willis*, 102 F.3d 1078, 1085 (10th Cir. 1996) (holding that re-filing before second trial was unnecessary); *but see United States v. Blevins*, 755 F.3d 312, 323 (5th Cir. 2014) (requiring the government to re-file and re-serve after the dismissal of an indictment under the Speedy Trial Act, because this amounted to a "new criminal prosecution"). Although there is a legitimate question whether the information was filed and served in enough time before Mr. Burciaga's first trial,[3] Mr. Burciaga actually concedes that

---

[3] The government filed its § 851 information on November 15, 2010, and it was stamped as "Filed" by the district court at 2:07 PM that same day. The jury was

7

the initial filing was proper. ROA 19 ("There [was] no filing before trial as was done in the previous trial."). And he also appears to concede that service was properly effectuated at that time. ROA 8 ("If the prosecution filed and served Burciaga with the [21 U.S.C. § 851] notice before the first trial which was declared a mistrial is it reversible error for the prosecution to not file before the second trial?"). Regardless, the information was filed and served well in advance of Mr. Burciaga's *second* trial, and he fails to make a substantial showing—indeed, he cites no authority for the proposition—that under these circumstances he was deprived of his constitutional right to due process.

## III.  CONCLUSION

Because Mr. Burciaga has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we DENY his request for a COA and DISMISS this appeal. The district court did not rule on Mr. Burciaga's motion for IFP status, so we deem it denied. *See Boling-Bey v. U.S. Parole Comm'n*, 559 F.3d 1149, 1155 n.8 (10th Cir. 2009). But we GRANT his renewed motion for IFP status on appeal, as he has demonstrated "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in

sworn in, however, at 1:41 PM that day. The trial court minutes do show that the court confirmed the § 851 filing at 12:05 PM that day, prior to when the jury was sworn in, but it is unclear from the briefing on appeal whether the filing and notice were proper for purposes of Mr. Burciaga's first trial, either as a statutory matter or as a matter of due process.

8

support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d

809, 812–13 (10th Cir. 1997) (internal quotation marks omitted).

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge