**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

FRANCISCO BURCIAGA,

     Defendant - Appellant.

_____

No. 17-2181
(D.C. No. 1:17-CV-00016-MV & 1:08-CR-01541-MV-KBM-1)
(D. N.M.)

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

FRANCISCO BURCIAGA,

     Defendant - Appellant.

_____

No. 17-2182
(D.C. No. 1:17-CV-00101-MV & 1:08-CR-01541-MV-KBM-1)
(D. N.M.)

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

FRANCISCO BURCIAGA,

     Defendant - Appellant.

No. 17-2183
(D.C. No. 1:16-CV-00313-MV-CG & 1:08-CR-01541-MV-KBM-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY IN APPEALS**
**17-2181 AND 17-2182**

**AND**
**ORDER AND JUDGMENT IN APPEAL 17-2183**[*]
_____

Before **TYMKOVICH**, Chief Judge, **LUCERO** and **HARTZ**, Circuit Judges.
_____

Francisco Burciaga, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) in Appeal No. 17-2181 to appeal the district court's order construing

his Fed. R. Civ. P. 15 motion to amend his original 28 U.S.C. § 2255 habeas motion as an

unauthorized second or successive § 2255 petition and dismissing it for lack of

jurisdiction. He also seeks a COA in Appeal No. 17-2182 to appeal the district court's

order construing a later-filed § 2255 motion as another unauthorized second or successive

§ 2255 petition and dismissing it for lack of jurisdiction. Last, in Appeal No. 17-2183,

Mr. Burciaga appeals the district court's order denying his requests for "Acquittal" and

"Injunctive Relief or [C]orrect Sentence."[1] We deny COAs in Appeal Nos. 17-2181 and

17-2182, and affirm the court's order in Appeal No. 17-2183.

## Background

In 2013, Mr. Burciaga was convicted of possession of heroin with the intent to

distribute. He was sentenced to 240 months of incarceration. The conviction and

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Burciaga's brief in Appeal No. 17-2183 was filed on a Tenth Circuit form titled "Appellant's Combined Opening Brief and Application for a Certificate of Appealability." Mr. Burciaga, however, does not need a COA to appeal the district court's order denying his requests for acquittal or injunctive relief, because the requests do not attack the judgment of conviction or sentence. _See_ 28 U.S.C. § 2255(a), (b).

sentence was affirmed on appeal. *See United States v. Burciaga*, 597 F. App'x 505, 506, 509 (10th Cir. 2015). In June 2015, he filed his first § 2255 motion. The district court denied the motion and we denied a COA. *See United States v. Burciaga*, 661 F. App'x 925, 926, 930 (10th Cir. 2016).

In April 2016, Mr. Burciaga filed a motion for judgment of acquittal, which the district court construed as an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction. Mr. Burciaga did not appeal. In November 2016, Mr. Burciaga filed another request for "Acquittal," in which he claimed that the court had failed to rule on his request for acquittal filed in April. The court noted that its order had been mailed to Mr. Burciaga's correct address, but nonetheless, it directed the clerk to send him a second copy of the order. It denied the motion as moot. In the meantime, in December 2016, Mr. Burciaga filed a request for injunctive relief in which he asked the district court to enjoin this court from using the term "heroin" in describing his convictions. The court denied the motion citing its inability to enjoin this court.

On January 5, 2017, Mr. Burciaga filed a motion under Rule 15 to amend his original § 2255 motion. The district court construed the motion to amend as an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization."); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [§ 2255 motion] . . . is filed in

3

the district court, the [movant] shall move in the appropriate court of appeals for an order authorizing the district court to consider the [motion].").  It denied a COA.

While his motion to amend was pending, Mr. Burciaga filed a new § 2255 motion, which the district court also dismissed for lack of jurisdiction as an unauthorized second or successive § 2255 motion.  *See Cline*, 531 F.3d at 1251.  It denied a COA.

### Analysis

Mr. Burciaga must obtain a COA to appeal the orders in Appeals Nos. 17-2181 and 2182.  *See* 28 U.S.C. § 2253(c)(1)(B).  Where, as here, the district court dismissed his filing on procedural grounds—Mr. Burciaga's failure to obtain authorization from this court to file a second or successive habeas petition—for a COA Mr. Burciaga must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  We bypass the constitutional questions because we can easily dispose of Appeal Nos. 17-2181 and 17-2182 based on the procedural issues.  *See id*. at 485.

Mr. Burciaga's applications do not mention, let alone explain any procedural error—instead he argues the merits of his claims.  Nonetheless, we have reviewed the orders and there is no debate that the district court's procedural rulings were correct.

In his request for injunctive relief, Mr. Burciaga asked the district court to enjoin the use of the word "heroin" in connection with his convictions.  On appeal, he acknowledges that the district court lacks the authority to enjoin this court, and seeks an

4

entirely different remedy—to remand the matter to the district court "for a complete evidentiary hearing and a determination on the **subject matter heroin hydrochloride (Morphine of less.**)"  Aplt's Opening Br. at 5.  We do not consider the request because Mr. Burciaga did not raise it in the district court.  *See Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 721 (10th Cir. 1993) ("In the main . . . we have consistently refused invitations to consider new issues on appeal.  We have therefore repeatedly stated that a party may not lose in the district court on one theory of the case, and then prevail on appeal on a different theory.").

We deny COAs in Appeals Nos. 17-2181 and 17-2182 and dismiss these matters. We affirm the district court's order in Appeal No. 17-2183.  We grant Mr. Burciaga's motion for leave to proceed on appeal without prepayment of costs or fees.  But only prepayment of fees is waived, not the fees themselves.  28 U.S.C. § 1915(a)(1), (b).

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk